UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ROYREGUIES HALL #473044/118979     CIVIL ACTION NO. 17-cv-1006

VERSUS     CHIEF JUDGE HICKS

GEORGE NICHOLS, ET AL     MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

Royreguies Hall ("Plaintiff") is a self-represented inmate who filed this civil rights action based on allegations of excessive force in the course of his arrest by Shreveport police officers. The defendants (City of Shreveport, Chief Allan Crump, and Cpl. George Nichols) filed a motion for summary judgment (Doc. 27). Plaintiff responded with is own motion for summary judgment (Doc. 34). For the reasons that follow, it is recommended that Plaintiff's motion be denied and that Defendants' motion be granted.

### Plaintiff's Complaint

Plaintiff alleged in his complaint that he was arrested in August 2017 by Cpl. George Nichols and other members of the Shreveport Police Department. Plaintiff alleged that he was on his knees with his hands in the air when Cpl. Phan (not a defendant) struck him in the face with a handgun, then proceeded to "strike me with blows and licks to my face and lower body." Plaintiff alleges that the other officers joined in to give him the same treatment. Plaintiff was allegedly knocked in and out of consciousness. One officer

twisted his right arm until it popped out of place, and Plaintiff was choked, all while the officers yelled for him to stop resisting (which he was not doing).

Plaintiff alleged that after he was placed in the back of the patrol car, Cpl. Nichols used a hard metal object to poke him in his back and ribs. Plaintiff speculates that it was a night stick. He says that he could not move because he was handcuffed, bleeding badly, and his nose was broken. One of the officers came to the side of the car and hit him with a metal object, causing his tooth to go through his bottom lip.

Plaintiff alleges that the city jail would not accept him because of his condition. An officer then allegedly unplugged the camera from the car and gave Plaintiff some more blows to the face as he blamed Plaintiff for messing up his night. Plaintiff was then taken to the LSU Medical facility. He alleges that he continues to have problems with his back, shoulder, and nerves as a result of the incident.

**Summary Judgment**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). A fact is "material" if it might affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1986). A dispute is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. Anderson, supra; Hamilton v. Segue Software Inc., 232 F.3d 473, 477 (5th Cir. 2000).

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that it believes

demonstrate the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 106 S.Ct. 2548 (1986). If the moving party carries his initial burden, the burden then falls upon the nonmoving party to demonstrate the existence of a genuine dispute of a material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S.Ct. 1348, 1355-56 (1986).

This case presents the typical situation in which the defendants have moved for summary judgement, but it also presents the less common motion by a plaintiff for summary judgment. Plaintiff, to prevail on his motion, must present evidence that would entitle him to judgment as a matter of law if it went uncontroverted at trial. International Shortstop, Inc. v. Rally's, Inc., 939 F.2d. 1257, 1264 (5th Cir. 1991); Paramount Aviation Corp. v. Agusta, 178 F.3d 132, 146 (3d Cir. 1999). All facts and inferences are viewed in the light most favorable to the defendant, and all reasonable doubts are resolved in the defense's favor. Puckett v. Rufenacht, Bromagen & Hertz, Inc., 903 F.2d 1014, 1016 (5th Cir. 1990). If factual issues or conflicting inferences exist, the court is not to resolve them; rather, summary judgment must be denied. Id.

**Cpl. George Nichols**

    **A. Declaration**

Defendants' motion is supported by a declaration by Cpl. Nichols that was made under penalty of perjury pursuant to 28 USC § 1746. Such declarations are competent summary judgment evidence. Hart v. Hairston, 343 F.3d 762, n. 1 (5th Cir. 2003). Nichols states that Plaintiff was arrested for robbery and placed in the backseat of Nichols' patrol unit on the passenger side. While another officer was writing the arrest affidavit, Plaintiff

complained that his handcuffs were too tight. The other officer checked Plaintiff's handcuffs.

Nichols began to drive Plaintiff to jail, and Plaintiff complained that he was hot and having trouble breathing due to his asthma. Nichols rolled down the rear window so Plaintiff could get some fresh air. When the car came to a stop, Nichols heard the back door opening. Plaintiff opened the door and fled on foot, with one hand cuffed and the other hand uncuffed. Police reports state that Plaintiff jumped out of the car on Texas Street, in front of the First United Methodist Church.

Nichols began pursuit and radioed for assistance. Cpl. Phan was the first to arrive. Police reports indicate that Phan caught Plaintiff near Sprague Street, behind the church. Nichols states in his declaration that Cpl. Phan attempted to handcuff Plaintiff, but Plaintiff refused to submit his arms. Cpl. Phan struck Plaintiff with a closed fist to the body and shoulder/arm area, after which he was quickly handcuffed. Nichols helped stand Plaintiff up and place him back in the patrol car. Nichols states that the above-described force is "all the force that was used." He adds, "At no time did I hit Plaintiff." He also states that no one hit Plaintiff with a metal object, and Nichols did not lean into the car and hit Plaintiff as alleged in the complaint.

**B. Plaintiff's Response**

Plaintiff has filed opposition (Docs. 33 and 42) to Nichols' request for summary judgment as well as his own motion (Doc. 34). Plaintiff faults Nichols for not submitting corroborating testimony from Cpl. Phan. He also argues repeatedly that video from body

camera and hospital records from LSU will support his claims. Plaintiff did not submit any competent summary judgment evidence.

Plaintiff also filed motions to compel that sought production of body camera recordings, patrol car video recordings, and hospital records. The court entered an order (Doc. 48) that directed defendants to explain whether any of the officers involved were equipped with body cameras. Defendants were also directed to make prompt and reasonable efforts to make available to Plaintiff (who was housed at CCC) the patrol car videos as well as any body camera footage that was identified. Defense counsel has advised the court that there were no body camera recordings, and the patrol car recordings were made available to Plaintiff for viewing in an office at the jail.

Plaintiff's request that defendants be ordered to produce his medical records was denied based on the representation that Defendants did not receive any such records from LSU. Plaintiff was advised that, as the patient involved, he could request a copy of his own medical records from the LSU facility. The court then deferred acting on the motions for summary judgment for 30 days to allow Plaintiff the opportunity to file copies of any medical records that he believed relevant or to make a request that Defendants deliver to the court for filing/viewing any relevant video footage.

Plaintiff's responded, after the deferral period, with a letter (Doc. 49) in which he stated that he has requested his medical records and is waiting on them. As for the video, Plaintiff stated that he watched them and "wasn't nothing to do with me." He added that it "was not me on neither CD video."

### C. Defendants' Reply

Defendants filed a reply (Doc. 52) that includes an affidavit from Cpl. Phan. He testified that on August 4, 2016 he was involved in the arrest of Plaintiff. His police unit was equipped with a mobile video system ("MVS") that captured certain parts of his interaction with Plaintiff. "The suspect depicted in the MVS video is Royreguies Hall." The video shows that Phan received a radio call, drove to an area behind the First United Methodist Church, and saw a suspect run across the street. Cpl. Phan ordered the man, who is then off camera, to get on the ground. Phan left his car to make the arrest, and the audio recording captured a struggle between Phan and the suspect that is consistent with the description in Plaintiff's arrest report.

Defendants also attached to their reply supplemental discovery responses served on Plaintiff after he alleged that it was not him on the recording. Defendants explained that the dates written on the disc were not the same as the date of the incident (August 4, 2016), but only because Cpl. Phan's report was entered incorrectly by clerical personnel who made a mistake when they typed the date from Phan's handwritten report. Cpl. Phan's handwritten report bears the correct date, and the video recorded that date was what was provided to Plaintiff. Thus, the evidence reflects that Plaintiff has been provided with the available recordings of his arrest. There is nothing on the audio or video recordings that supports Plaintiff's allegations of excessive force by Cpl. Nichols or any other defendant.

### D. Excessive Force

When a person who has been arrested asserts that officers used excessive force in violation of the Fourth Amendment, the question is whether the officer's actions are

"objectively reasonable" in light of the facts and circumstances. Graham v. Connor, 109 S.Ct. 1865 (1989). Defendants challenge the Fourth Amendment claim on the merits and raise the defense of qualified immunity. To overcome an officer's claim of qualified immunity, a plaintiff must show "(1) an injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." Ontiveros v. City of Rosenberg, 564 F.3d 379, 382 (5th Cir. 2009).

Factors to consider include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham, 109 S.Ct. at 1872. "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." Id.

**E. Analysis**

Plaintiff is plainly not entitled to summary judgment on his claim against Cpl. Nichols. He has submitted no evidence that could shoulder his heavy summary judgment burden. On the other hand, Cpl. Nichols has submitted a declaration that directly challenges the facts alleged in the complaint. The facts presented by Nichols depict a very minor amount of force used by Nichols himself, with the force used being reasonable under the circumstances and not resulting in any injury. Nichols is, therefore, entitled to summary judgment with respect to the Fourth Amendment excessive force claim against him.

**Chief Allan Crump**

Plaintiff's complaint does not include any allegation that Chief Crump was involved in his arrest in any way. His name appears in the complaint only in the list of defendants. Cpl. Nichols represents in his declaration: "Chief Allan Crump was not present, or involved in the arrest of Plaintiff." There is no competing summary judgment evidence.

"Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987). Thus, a plaintiff must show that a police chief or other supervisor was personally involved in the acts that deprived the prisoner of his constitutional rights. Thompson v. Upshire County, 245 F.3d 447, 459 (5th Cir. 2001). Chief Crump has offered uncontested summary judgment evidence that he had no personal involvement in the alleged events, so he is entitled to summary judgment.

**City of Shreveport**

Plaintiff's complaint includes the City of Shreveport on the list of defendants but offers no specific allegations against the City. A municipality such as Shreveport may be liable under Section 1983 only if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation. Connick v. Thompson, 131 S.Ct. 1350, 1359 (2011), quoting Monell v. Social Services of New York City Dep't, 98 S.Ct. 2018 (1978). This requires a showing of action pursuant to an official policy or a failure to train that amounts to deliberate indifference to the rights of citizens. Daniel v. City of Minden, 2015 WL 9684959, *2 (W.D. La. 2015).

Plaintiff has not demonstrated a constitutional violation, and "[w]ithout an underlying constitutional violation, an essential element of municipal liability is missing." Doe ex rel. Magee v. Covington County School District, 675 F.3d 849, 866-67 (5th Cir. 2012). This principle was recently applied to dismiss claims against a city and its police chief once the claims against the involved officers were found to lack merit. Romero v. City of Grapevine, 888 F.3d 170, 178-79 (5th Cir. 2018). The City has also offered the uncontested declaration of Cpl. Nichols that it is the policy of the Shreveport Police Department to use only the force that is reasonably necessary under the circumstances, and officers are trained at the academy in the appropriate use of force. The City is, therefore, also entitled to summary judgment.

Accordingly,

It is recommended that Plaintiff's Motion for Summary Judgment (Doc. 34 be denied. It is further recommended that Defendants' Motion for Summary Judgment (Doc. 27) be granted and that all claims against all defendants be dismissed with prejudice.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 18th of April, 2019.

Mark L. Hornsby
U.S. Magistrate Judge